UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY SLICK,<br><br>    Plaintiff,<br><br>v.<br><br>CABLECOM, LLC,<br><br>    Defendant. | Case No. 22-cv-03415-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 13 |

Kasey Slick ("Plaintiff") brings this putative class action alleging that CableCom LLC ("Defendant") violated California's Unfair Competition Law ("UCL"). Cal. Bus. Code § 17200, et seq. (Dkt. No. 2.) Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) and requests sanctions. (Dkt. No. 13.) After carefully considering the parties' briefing, and having had the benefit of oral argument on August 4, 2022, the Court concludes that it has subject matter jurisdiction and GRANTS Defendant's motion to dismiss without leave to amend and DENIES Defendant's motion for sanctions. The UCL claim fails because Plaintiff has an adequate remedy at law and Defendant has not established that sanctions are warranted under the Court's inherent authority.

**COMPLAINT ALLEGATIONS**

Plaintiff worked for Defendant in California from August 2015 to November 2018. (Dkt. No. 2 ¶ 19).[1] During that time, Defendant failed to adequately compensate him and similarly situated employees for their work, including missed meal periods and rest breaks. (*Id.* ¶ 20.) Defendant also failed to provide accurate wage statements and payroll records. (*Id.* ¶¶ 43–44.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**PROCEDURAL HISTORY**

Plaintiff filed his complaint in the Superior Court of California on April 13, 2022, alleging a violation of the UCL. (Dkt. No. 2 ¶ 50.) The UCL violation is predicated on a number of alleged California Labor Code violations, including the failure to pay overtime (§§ 510, 1198), provide meal periods (§§ 226.7 and 512(a)), provide rest periods (§ 226.7), pay minimum wage (§§ 1194, 1197, 1197.1), pay wages upon termination (§§ 201, 202), pay wages during employment (§ 204), provide compliant wage statements (§ 226(a)), keep accurate payroll records (§ 1174(d)), and reimburse necessary business expenses (§§ 2800, 2802). (Dkt. No. 2 ¶¶ 52–60.) Plaintiff seeks injunctive relief, restitution of unpaid wages for himself and other members of the class, and reasonable attorney's fees. (Dkt. No. 2-1 at 15.) Plaintiff also seeks class certification and asks the Court to appoint him as the class representative. (*Id.*) Defendant removed the case to federal court and then moved to dismiss and for sanctions. After oral argument, the parties provided briefing regarding this Court's subject matter jurisdiction. (Dkt. Nos. 35, 37.)[2]

**DISCUSSION**

In his opposition to Defendant's motion to dismiss, Plaintiff alluded to the Court lacking subject matter jurisdiction. As the Court cannot decide the motion to dismiss if it lacks subject matter jurisdiction, at oral argument it ordered the parties to submit briefing regarding the jurisdiction question. The Court thus first addresses its subject matter jurisdiction over this dispute. Because federal jurisdiction exists here under the Class Action Fairness Act ("CAFA"), the Court then turns to the merits of Defendant's motion to dismiss.

**I.   Subject Matter Jurisdiction**

Defendant removed this case to federal court under CAFA. (Dkt. No. 1.) Under CAFA, a federal court has subject matter jurisdiction of a putative class action if the number of potential class members exceeds 100, the parties are citizens of different states, and the amount in controversy exceeds the aggregate value of $5,000,000. *See* 28 U.S.C. §§ 1332(d); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). Defendant's notice of removal

---

[2] Plaintiff filed a motion for leave to file a reply brief to address Defendant's arguments. (Dkt. No. 43.) Plaintiff's motion is GRANTED and the Court has considered Plaintiff's brief.

establishes that those jurisdictional requirements are met. The size of the putative class is over 800. (Dkt. No. 1 ¶ 8.) Plaintiff is a citizen of California and CableCom, LLC is wholly owned by a corporation that is headquartered in Delaware and has its principal place of business in Florida. (*Id.* ¶ 13.) Lastly, potential damages are estimated to be upwards of $9.6 million. (*Id.* ¶ 43.) Thus, the Court has jurisdiction under CAFA.

### A. The Amount-in-Controversy Requirement is Satisfied

Plaintiff's insistence that Defendant has not adequately met CAFA's amount-in-controversy requirement is unpersuasive. When a plaintiff contests the defendant's allegation regarding amount in controversy under CAFA, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). The parties may submit evidence outside the complaint, including affidavits or declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) (cleaned up). Here, Plaintiff does not provide any argument regarding Defendant's calculated amount. Rather, Plaintiff argues that Defendant's calculation is based on inadmissible evidence. Plaintiff is incorrect.

Defendant provides an expert witness calculation as to the amount in controversy. (Dkt. No. 3.) *See also* Fed. R. Evid. 702. An expert "may base an opinion on facts or data in the case that the expert has been made aware of." Fed. R. Evid. 703. If experts in that field would reasonably rely on those kinds of facts or data in forming an opinion, that opinion can be admitted even if the underlying data is not admissible. *Id*. Defendant provides a series of affidavits to explain the data and assumptions underlying the expert witness calculation. (Dkt. Nos. 3, 4, 38, 39.) Here, Defendant's human resources manager provided the company's payroll, timekeeping, and termination data to Defendant's counsel. (Dkt. No. 4 ¶ 4.) Defendant's counsel hired an economist to analyze that data. (Dkt. No. 3 ¶ 4.) Based on a set of assumptions, Defendant's economist estimated an amount in controversy of at least $7.7 million. (*Id.* ¶ 10.) That opinion testimony is admissible.

Plaintiff's contention that the best evidence rule requires Defendant to submit the

spreadsheets underlying the expert opinion is incorrect. The burden to establish the amount in controversy by a preponderance of the evidence does not require the defendant to "research, state, and prove the plaintiff's claims for damages." *De Vega v. Baxter Healthcare Corp.*, 507 F. Supp. 3d 1214, 1217 (N.D. Cal. 2019). Rather, the Court can rely on "affidavits" or "declarations" to establish the amount in controversy. *See Ibarra*, 775 F.3d at 1197.

As discussed above, Defendant submitted affidavits that show this dispute meets amount-in-controversy requirement under CAFA. Those affidavits are persuasive and break down the various amounts in controversy with detail. (*See* Dkt. No. 3.) Plaintiff provides no persuasive argument to the contrary. *See Dart Cherokee*, 574 U.S. at 88 (holding that "both sides submit proof, and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied"). Thus, Defendant has shown, by a preponderance of the evidence, that the amount-in-controversy requirement is met.

### B. The Local Controversy Exception Does not Apply

Plaintiff's reliance on CAFA's local controversy exception is likewise misplaced. Under that exception:

> [A] district court is required to decline jurisdiction over a class action when: (1) more than two-thirds of the proposed plaintiff class(es) are citizens of the state in which the action was originally filed, (2) there is at least one in-state defendant against whom "significant relief" is sought and "whose alleged conduct forms a significant basis for the claims asserted" by the proposed class, (3) the "principal injuries" resulting from the alleged conduct of each defendant were incurred in the state of filing, and (4) no other class action "asserting the same or similar factual allegations against any of the defendants" has been filed within three years prior to the present action.

*Kendrick v. Conduent State and Loc. Sols., Inc.*, 910 F.3d 1255, 1260 (9th Cir. 2018) (citing 28 U.S.C. § 1332(d)(4)). The second factor does not apply here. Defendant is an LLC. An LLC is a citizen of every state of which its owner/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant's lone member is a citizen of Delaware and Florida. (Dkt. No. 1 ¶ 13.) Thus, because there is no "in-state defendant" here, the local controversy exception does not apply.

\*\*\*

The Court has subject matter jurisdiction over this dispute under CAFA. Plaintiff's request for remand is denied.

## II. Motion to Dismiss

Defendant moves to dismiss on three grounds: (1) Plaintiff fails to state a claim under the UCL because he cannot show he lacks an adequate remedy at law, (2) Plaintiff's complaint is insufficiently pled, and (3) a prior settlement precludes Plaintiff from bringing these claims. The first argument disposes of Plaintiff's complaint.

"[T]he UCL provides only for equitable remedies." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 n.2 (9th Cir. 2020) (cleaned up). To recover equitable remedies under the UCL in federal court, Plaintiff must demonstrate that he lacks an adequate remedy at law. *Id.* at 844. Plaintiff's UCL claim is predicated on California Labor Code claims. These Labor Code claims provide Plaintiff with a remedy at law. *See Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 80 (2020) ("California's Labor Code contains a number of provisions designed to protect the health, safety, and compensation of workers. Employers who violate these statutes may be sued by employees for damages[.]") Accordingly, the UCL claim fails. *See Sonner*, 971 F.3d at 844 (affirming dismissal of UCL claim because plaintiff failed to establish absence of legal remedy.)

Plaintiff nonetheless argues that because any claims he made directly under the Labor Code would be barred by the statute of limitations he lacks an adequate remedy at law. Plaintiff is incorrect. "Failure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction." *United States v. Elias,* 921 F.2d 870, 874 (9th Cir. 1990) (denying equitable relief where the plaintiff failed to timely follow the procedures to obtain a legal remedy in connection with his claim for a return of seized property); *see also Franckowiak v. Scenario Cockram United States, Inc.*, 2020 WL 9071697, at *3 (C.D. Cal. Nov. 30, 2020) (finding the "failure to file a proper claim within the statute of limitations does not make the remedy at law inadequate; it simply means Plaintiffs missed their opportunity to seek legal redress under those statutes"). In *Sonner*, for example, the plaintiff was barred from bringing his claim at law because the district court denied the plaintiff leave to add the legal claim. The

5

1  Ninth Circuit nonetheless held that the plaintiff could not bring a UCL claim as he had an
2  adequate remedy at law. *See Sonner,* 971 F.3d at 844. The same result is required here.
3   In sum, Plaintiff has not pled the absence of an adequate remedy at law; instead, he pleads
4  only a failure to comply with that adequate remedy at law. As a result, Plaintiff's UCL claim must
5  be dismissed. *Id.*

### III. Leave to Amend

Where a motion to dismiss is granted, a trial court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court does not need to grant leave to amend in cases where permitting a plaintiff to amend would be an exercise in futility. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Because Plaintiff's UCL claim fails as a matter of law, and Plaintiff concedes that his legal Labor Code claims are barred by the statute of limitations, granting leave to amend the complaint would be futile. Thus, the Court dismisses the UCL claim without leave to amend.

### III. Other Grounds for the Motion to Dismiss

Because Plaintiff's UCL claim fails under *Sonner*, and leave to amend would be futile, the Court need not and does not address Defendant's other grounds for its motion to dismiss.

### IV. Defendant's Request for Sanctions

Defendant requests sanctions pursuant to the Court's "inherent power" based on Plaintiff's continued prosecution of this case notwithstanding his participation in the *Carr* settlement. The Court did not conclude that the *Carr* settlement bars Plaintiff's claim and, indeed, in light of the record before the Court, such affirmative defense cannot be resolved on a 12(b)(6) motion. The request for sanctions is thus denied.

### CONCLUSION

Plaintiff's request to file the reply is GRANTED. (Dkt. No. 43.) That reply is deemed filed. Plaintiff's request to remand this matter is DENIED. (Dkt. No. 34.) Defendant's motion to dismiss Plaintiff's UCL claim is GRANTED without leave to amend and Defendant's request for

sanctions is DENIED.  (Dkt. No. 13.)   The case management conference scheduled for September 16, 2022 is VACATED.

**IT IS SO ORDERED.**

This Order disposes of Dkt. No. 13, 43.

Dated: September 12, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge